NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2032
_____

ALEXANDRA KOBRICK,

Appellant

v.

MATTHEW STEVENS; LAKELAND SCHOOL DISTRICT; WESTERN WAYNE
SCHOOL DISTRICT; Dr. MARGARET BILLINGS-JONES; THOMAS KAMEROSKI;
ANDREW FALONK; PATRICK SHEEHAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-13-cv-02865)
District Judge: Honorable Christopher C. Conner
_____

Submitted February 12, 2019
Before: HARDIMAN, SCIRICA, and COWEN, *Circuit Judges*.

(Filed: February 26, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Alexandra Kobrick appeals the District Court's summary judgment in favor of two school districts and several of their administrators. We will affirm.

I[1]

While a 17-year-old senior at Lakeland High School, Kobrick had a sexual relationship with her music teacher/band director, Matthew Stevens. During her first year of college, Kobrick disclosed the relationship to her mother and criminal proceedings ensued. Stevens eventually pleaded guilty to one count of corruption of minors and was sentenced to a term of 6 to 23 months' imprisonment.

Kobrick filed a civil action under 42 U.S.C. § 1983 against Stevens, the Lakeland School District, and two of its administrators. Kobrick also sued the school district where Stevens worked previously (Western Wayne) and two of its administrators. Kobrick obtained a stipulated judgment against Stevens, but the District Court entered a summary judgment for Appellees on all of Kobrick's claims. In sum, the District Court found that while Stevens's conduct "was deliberate and reprehensible[,]" it was "not attributable to Western Wayne, Lakeland, or their respective administrators." *Kobrick v. Stevens*, 2017

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's summary judgment. *Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011).

WL 3839946, at *18 (M.D. Pa. Sept. 1, 2017). After Kobrick's motion for reconsideration was denied, she filed this timely appeal.[2]

A

We begin with Kobrick's claims against Western Wayne. She argues that Western Wayne is liable under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), for failing to respond appropriately to rumors that Stevens was sexually involved with a female student. Kobrick contends that Western Wayne abrogated its duty to protect students from sexual abuse by "deliberately ignor[ing] complaints of a sexual relationship, fail[ing] to conduct a meaningful investigation, and set[ting] out to quell the complaint of sexual abuse" against Stevens. Kobrick Br. 16. In her view, a jury could find that the school district deliberately avoided using information gathered from the tip to question the student (and her father) and confront Stevens. We disagree, essentially for the reasons stated by the District Court.

---

[2] Kobrick claims in her opening brief to appeal the District Court's order denying her motion for reconsideration. Although she cites the appropriate standard of review on appeal, Kobrick does not explain how the Court erred in denying reconsideration. Accordingly, we will not consider that argument. *See John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("Arguments raised in passing . . . but not squarely argued, are considered waived.").

Kobrick also has forfeited her supervisory liability claims under § 1983 against the administrators (Andrew Falonk, Patrick Sheehan, Thomas Kameroski, and Margaret Billing-Jones). Although Kobrick mentions the administrators in her recitation of the facts, she makes only passing references to her § 1983 claims against them and she failed to respond to their qualified immunity defense.

The District Court granted summary judgment in favor of Western Wayne on this claim because Kobrick did not establish that Western Wayne had "actual, contemporaneous knowledge of abuse." *Kobrick*, 2017 WL 3839946, at \*8. Administrators immediately investigated the allegation by speaking with the student and her father, who both denied the rumor. Although Western Wayne could have done more to learn the truth by, among other things, confronting Stevens, the Court explained that a state actor is not liable under *Monell* for negligently failing to recognize a risk of harm.

We perceive no error in the District Court's analysis because it correctly applied our § 1983 precedent. We held in *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720 (3d Cir. 1989), that students can sue school districts under § 1983 for failing to protect them from sexual abuse by staff. *Id.* at 726–27. But to show deliberate indifference to a risk of sexual abuse to students, a plaintiff must demonstrate the school knew about past violations and its failure to take precautions against future abuse contributed to her injury. *See Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990); *see also Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 144 n. 1 (3d Cir. 2002) (finding that the plaintiff did not establish her injuries were caused by a policy or custom because she "presented no credible evidence demonstrating that school officials knew of the alleged risk of sexual abuse posed by [the staff member] at a time at which they could have prevented her alleged injuries"). Rumors of abuse are insufficient; a plaintiff must allege actions "more culpable" than the school's failure to identify a risk of abuse. *See Black by Black v. Indiana Area Sch. Dist.*,

985 F.2d 707, 712–13 (3d Cir. 1993) (quoting *Colburn v. Upper Darby*, 946 F.2d 1017, 1025 (3d Cir. 1991)).

On this record, we agree with the District Court that no reasonable jury could find that Western Wayne acted with deliberate indifference as none of its administrators knew about Stevens's abuse of this student. *See Bielevicz*, 915 F.2d at 851. And when they were apprised of the rumor—which the student and her father denied—they responded immediately. With the benefit of hindsight, Western Wayne could have done more to investigate the rumor. This does not mean, however, that the district's decision to end the inquiry after interviewing the student and her father constituted deliberate indifference. *See Black by Black*, 985 F.2d at 712–13. In sum, without knowledge of actual abuse, Western Wayne could not be liable under § 1983 for Stevens's later relationship with Kobrick.

B

As for the Lakeland School District, Kobrick asserts *Monell* claims under three theories. She claims the district: (1) failed to take appropriate action upon learning that Stevens might be having an inappropriate relationship with Kobrick; (2) failed to train staff to identify and report signs of "grooming" behavior; and (3) negligently hired Stevens. We will address each claim in turn.

5

First, Kobrick argues Lakeland failed to protect her from abuse because Thomas Kameroski (the principal) and Margaret Billings-Jones (the superintendent) knew about Stevens's relationship with Kobrick. She suggests Kameroski was on notice of Stevens's behavior as soon as he witnessed Kobrick dropping her arms from around Stevens's waist when Kameroski walked into the band room. Stevens told Kameroski that Kobrick was reaching for his keys, and Kobrick contends that Kameroski ignored this objectively inappropriate conduct.

Like Kobrick's claim against Western Wayne, the District Court rejected Kobrick's failure-to-act claim after concluding that Lakeland's administrators were unaware of Stevens's misconduct. The Court determined that even assuming the truth of Kobrick's account of the embrace, "the incident at worst evinces negligence on Kameroski's part for failing to investigate." *Kobrick*, 2017 WL 3839946, at *10. And while Billings-Jones and Kameroski knew Kobrick spent a lot of time in the band room, neither suspected an inappropriate relationship given Kobrick's music-focused curriculum and interest in pursuing a career in music. Additionally, "Lakeland's administrators unanimously testified that they were unaware of *any* sexual misconduct by Stevens until Kobrick came forward" many months after she graduated high school. *Id.* at *11. The evidence thus fell short of the actual notice standard required for liability. *See Bielevicz*, 915 F.2d at 851.

Kobrick makes the same arguments on appeal. We find no error in the District Court's analysis because Kobrick has not established a practice of "reckless indifference to instances of known or suspected sexual abuse of students by teachers." *Stoneking*, 882 F.2d at 724–25.

2

Kobrick also claims Lakeland is liable for failing to train staff to recognize and report Stevens's "grooming" of students. She argues this lack of training created an "unwritten policy" in which teachers did not identify inappropriate behavior, which allowed Stevens's "grooming to progress to outright sexual activity" with Kobrick. Kobrick Br. 37. Kobrick supports this proposition with the testimony of another teacher (Brian Brophy) who noticed, but did not report, that Kobrick spent time alone with Stevens in the band room several times a week. She also cites her expert's opinion that school districts need to institute policies on close interaction with students and create clear investigation and reporting requirements.

The District Court held that Lakeland could not be liable for failing to train staff to recognize signs of "grooming." The Court's analysis again hinged on the lack of knowledge of Stevens's misconduct, which is required to establish failure-to-train liability. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Kobrick advanced no evidence of a pattern of similar sexual misconduct violations that would have given Lakeland notice of the need to train staff in this regard. And a single-incident theory of liability was unavailing because "sexual abuse of students is so obviously inappropriate

that failure to train employees to detect signs of sexual misconduct cannot be said to be deliberately indifferent." *Kobrick*, 2017 WL 3839946, at \*11.

We perceive no error in the District Court's dismissal of Kobrick's claim for failure-to-train liability. Deliberate indifference requires knowledge of a need for training, which can be established through "a pattern of similar constitutional violations" previously committed by untrained employees. *Connick*, 563 U.S. at 62. Here again, Kobrick lacks the key element of knowledge in establishing Lakeland's liability—no administrators were aware of a pattern of similar constitutional violations putting the district on notice of a need for training. And Kobrick can establish *Monell* liability based on a single violation only if training was so obviously needed that the failure to do so constitutes deliberate indifference. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Yet training teachers to identify and report sexual abuse does not fall into this narrow category because the inappropriateness of sexually abusing children is self-evident. So the District Court did not err in granting judgment for Lakeland on this claim.

3

Finally, Kobrick claims Lakeland's deficient hiring practices were directly responsible for her injury. She contends that Lakeland administrators should have contacted Stevens's supervisor at Western Wayne—rather than rely on references—because that supervisor would have disclosed the previous allegation of sexual abuse against Stevens. We disagree.

8

The District Court dismissed Kobrick's negligent hiring claim because Lakeland's process did not show a deliberate indifference to a "highly predictable" risk of abuse by Stevens. *Kobrick*, 2017 WL 3839946, at \*13 (quoting *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). Although Stevens's past misconduct mirrored his crime against Kobrick, Lakeland's method for reviewing Stevens's application did not constitute deliberate indifference because nothing alerted administrators to potential risks of abuse: he had three favorable letters of recommendation (one from his supervisor), no criminal record, and a clearance report free of a known record of child abuse.

Yet again, we perceive no error in the District Court's analysis. To succeed on a negligent hiring theory under *Monell*, a plaintiff must show that the hiring decision "reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow." *Bryan Cty.,* 520 U.S. at 411. An official is deliberately indifferent only when "adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Id.* Lakeland scrutinized Stevens's application and found no red flags for sexual abuse— it was not "obvious" that he posed a risk to students. While Lakeland could have conducted a more thorough investigation into Stevens's background, mere negligence does not constitute deliberate indifference to the risk of harm to students. Under these circumstances, no reasonable jury could conclude Lakeland was deliberately indifferent

9

to a risk that Stevens would sexually abuse a student. The District Court did not err in entering a summary judgment on Kobrick's negligent hiring claim.

*     *     *

For the reasons stated, we will affirm the District Court's order.